# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

THETHESIUS HOSEA MOSLEY,

Plaintiff,

v.

SINGH, *et al.*,

Defendants.

Case No. 1:26-cv-00670-BAM (PC)

ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE TO ACTION

FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF ACTION

(ECF No. 9)

**FOURTEEN (14) DAY DEADLINE**

Plaintiff Thethesius Hosea Mosley ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. On June 3, 2026, the Court screened Plaintiff's complaint and granted him leave to amend. (ECF No. 8.) Plaintiff's first amended complaint, filed on July 10, 2026, is currently before the Court for screening. (ECF No. 9.)

## I. Screening Requirement and Standard

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

## II. Plaintiff's Allegations

Plaintiff is currently housed at Kern Valley State Prison (KVSP), in Delano, California, where the events in the amended complaint are alleged to have occurred. Plaintiff names Dr. Chen Ho, Primary Care Provider, as the sole defendant.

In Claim I, Plaintiff asserts delay and denial of medical treatment in violation of his Eighth Amendment rights. Plaintiff alleges: Over the course of nine years, a myriad of primary care providers have come and gone since 10/18/2018. Dr. Chen Ho became aware of Plaintiff's degenerative bone disease. As Plaintiff's condition gradually worsened, he could no longer walk long distance or stand for over thirty minutes without the assistance of a hand cane, ordered around 12/2/2021. Plaintiff's condition deteriorated to the point that a hand cane was no longer sufficient. Around 2/10/2022, a standard walker was ordered and issued. Plaintiff's condition accelerated at an alarming rate and all conservative measures failed. Around 3/30/2022, Plaintiff went to bed and the next day he needed help. His lower back, hands, and arms were useless. Plaintiff had no grip strength, zero back muscle function, and could not lift his right shoulder. Plaintiff first thought it was a stroke, but that was not the case. Plaintiff was provided a Medrol

dosepak prednisone. His condition continued to deteriorate. He filed grievances and reasonable accommodations forms. On 4/7/2022, after several months elapsed, Plaintiff was given a "medical copy exact with information on this exhibit date 10/21/22 clearance for surgery." (ECF No. 9 at 4.) Plaintiff claims that this was the first of many failures to treat his serious medical need for corrective treatment. Dr. Chen Ho's inaction allegedly caused Plaintiff to suffer further significant injury. Dr. Chen Ho "had an . . . extensive amount of reviewing first hand of decision(s), courses of acceptable procedures surgeries," and as primary care physician, "he signed off and gave [agreement], yet stop[ped] all treatment." (*Id.*)

Plaintiff further alleges that for a period of six months, starting 2/7/2025, he received no treatment and no medications. Plaintiff's means that his clearance and authorization for rhizotomy surgery, which Dr. Chen Ho delayed forwarding the dossier to be processed to his Chief Physician Supervisor and the Chief Medical Executive. The same denial for treatment occurred after months of filing and trying to be diplomatic, which the doctor ignored and continued to cease all communication pertaining to rescheduling. Plaintiff filed a health care grievance on 5/26/2025. During this period of time, Plaintiff's neck became stiff, swollen, and sore. He was provided with no care, and his condition caused him more suffering and pain without medical treatment. Plaintiff was transferred out on 6/19/2025. He returned on 2/13/2026 and was reassigned Dr. Chen Ho. Under his care, Plaintiff has experienced the exact same hang up. Plaintiff contends that the failure of Dr. Chen Ho has caused delay of the neurologist performing the procedure and readying the informative details that are needed in order for the neurosurgeon to provide surgery. On 4/3/2026, Plaintiff went to the clinic, only to be informed by the neurologist that there was no consultation dossier to provide the reason why Plaintiff was there at the clinic and what needed to be performed. Plaintiff was again left without treatment, his suffering and pain worsened, and it pushed back all other scheduling dates.

On May 13, 2026, Plaintiff returned to the neurologist only to discover the procedure was unsuccessful and his spine narrowing had worsened since the eighteen-month lapse from the last imaging, "which neurologist Rahimanfir provide my primary care [provider] Doctor Chen Ho with recommendation from his consultation examination of the aforemention medical procedure."

(ECF No. 9 at 7.) The neurologist faxed consultation notes detailing the resolution, which was that their facility was not equipped with such device and in order for Plaintiff to get the corrective treatment. Dr. Chen Ho failed to inform the Chief Physician & Surgeon Supervisor and the Chief Medical Executive of the request for service. Plaintiff again went to the Bakersfield neuroscience complex on 6/26/2026. The neurosurgeon informed Plaintiff of the consultation notes detailing the expected collaboration. Again, Dr. Chen Ho ignored the plea to forward the actual cervical spine and CT scan. Plaintiff alleges:

> As my condition without any type of pain medication provided while under Doctor Chen Ho care it is like not actually [having] a health care doctor, only thing is your pain increases, condition as the swelling of my cervical and the [inflammation] of my entire body with a doctor who does nothing but look on as if he is at a cross road and that my condition will end without course of treatment to my back, neck seems [causing] my blood pressure to fluctuate.

(ECF No. 9 at 7.) Dr. Chen Ho has assured Plaintiff his degenerative bone disease is only acute and will heal on its own and will not discuss the issue of bone disease.

Plaintiff seeks injunctive relief and monetary damages.

## III. Discussion

### A. Federal Rule of Civil Procedure 8

Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570, 127 S.Ct. at 1974). While factual allegations are accepted as true, legal conclusions are not. *Id.*; *see also Twombly*, 550 U.S. at 556–557.

Plaintiff's amended complaint is not a short and plain statement of his claims. As with his original complaint, Plaintiff's amended complaint is difficult to understand. He fails to clearly and succinctly allege what happened, when it happened, and who was involved. The allegations are disjointed and conclusory, such that the Court is unable to conclude that Plaintiff states a

cognizable claim for relief. Plaintiff's amended complaint does not include factual allegations to support an Eighth Amendment claim against Defendant Ho. Plaintiff alludes to treatment delays, lack of medication, and the failure to provide scan results to a neurosurgeon, but these conclusory allegations, without more, are not sufficient to state a claim that is plausible on its face.

**B. Linkage Requirement**

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

Plaintiff's amended complaint fails to adequately link Defendant Dr. Ho to violations of his constitutional rights. Plaintiff fails to include clear factual allegations specifying what Defendant Dr. Ho did or did not do that resulted in a violation of his constitutional rights. Plaintiff's conclusory allegations are not sufficient.

**C. Eighth Amendment – Medical Care**

A prisoner's claim of inadequate medical care constitutes cruel and unusual punishment in violation of the Eighth Amendment where the mistreatment rises to the level of "deliberate indifference to serious medical needs." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). The two-part test for deliberate indifference requires Plaintiff to show (1) "a 'serious medical need' by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately

indifferent." *Jett*, 439 F.3d at 1096.

A defendant does not act in a deliberately indifferent manner unless the defendant "knows of and disregards an excessive risk to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). "Deliberate indifference is a high legal standard," *Simmons v. Navajo Cty. Ariz.*, 609 F.3d 1011, 1019 (9th Cir. 2010); *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004), and is shown where there was "a purposeful act or failure to respond to a prisoner's pain or possible medical need" and the indifference caused harm. *Jett*, 439 F.3d at 1096. In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." *Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980) (citing *Estelle*, 429 U.S. at 105–06). Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. *See Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990).

Further, a "difference of opinion between a physician and the prisoner—or between medical professionals—concerning what medical care is appropriate does not amount to deliberate indifference." *Snow v. McDaniel*, 681 F.3d 978, 987 (9th Cir. 2012) (citing *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989)), overruled in part on other grounds, *Peralta v. Dillard*, 744 F.3d 1076, 1082–83 (9th Cir. 2014); *Wilhelm v. Rotman*, 680 F.3d 1113, 1122–23 (9th Cir. 2012) (citing *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1986)). Rather, Plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances and that the defendants chose this course in conscious disregard of an excessive risk to [his] health." *Snow*, 681 F.3d at 988 (citing *Jackson*, 90 F.3d at 332) (internal quotation marks omitted).

Plaintiff's amended complaint fails to state a cognizable claim for deliberate indifference to a serious medical need against Defendant Dr. Chen Ho. Plaintiff fails to adequately allege what Defendant Dr. Ho did or did not do that resulted in a violation of Plaintiff's Eighth Amendment rights. Plaintiff variously alleges delays and denials of treatment and medication, including that Dr. Ho delayed forwarding the dossier to be processed for his rhizotomy surgery.

However, according to the exhibits attached to the amended complaint, a cervical rhizotomy was recommended on January 23, 2025. (ECF No. 9 at 11, 23.) Following his appointment with the neurosurgeon, Plaintiff then saw Dr. Ho on February 7, 2025, where it was noted that the recommended rhizotomy and surgery risks had been discussed, Plaintiff expressed he would like to go for surgery, and Plaintiff had been provided a Medrol dosepak "in the mean time." (*Id.* at 23.) Plaintiff also was noted to be taking gabapentin for his symptoms. (*Id.*) As of March 14, 2025, Plaintiff had a pending RFS for cervical rhizotomy and a pending appointment with neurosurgery for a cervical rhizotomy. (*Id.* at 11-12.) And, as of June 5, 2025, the recommendation and referral for services for the cervical rhizotomy had been submitted, approved and was awaiting scheduling, and Plaintiff had a pending neurosurgery appointment. (ECF No. 9 at 27.) Yet, according to Plaintiff's allegations, he was transferred out from KVSP on June 19, 2025,[1] and did not return until February 13, 2026. (*Id.* at 5.) Plaintiff was subsequently seen by a neurologist on 4/3/2026, 5/13/2026, and 6/26/2026. (*Id.* at 5, 7.) Taken together, these allegations do not demonstrate deliberate indifference to a serious medical need by Dr. Ho. Plaintiff complains that Dr. Ho ignored a plea to forward Plaintiff's scans to the neurosurgeon, but this also is not sufficient to support a claim for deliberate indifference to serious medical needs, and, at best, demonstrates negligence.

## IV. Conclusion and Recommendation

Plaintiff's amended complaint fails to comply with Federal Rule of Civil Procedure 8 and fails to state a cognizable claim under 42 U.S.C. § 1983. Despite being provided with the relevant pleading and legal standards, Plaintiff has been unable to cure the deficiencies. Further leave to amend is not warranted. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

Accordingly, the Court HEREBY DIRECTS the Clerk of the Court to randomly assign a district judge to this action.

---

[1] Plaintiff included treatment notes from the California Substance Abuse Treatment Facility, which Plaintiff dated "05/28/2025." (ECF No. 9 at 20.) Those notes indicate Plaintiff's previous neurosurgeon was no longer in practice and Plaintiff had to reestablish with neurosurgery. Plaintiff was to continue his current pain management regimen and follow-up with neurosurgery for further evaluation. (*Id.*)

Further, for the reasons stated above, it is HEREBY RECOMMENDED that this action be dismissed for failure to state a cognizable claim upon which relief may be granted.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." **Objections, if any, shall not exceed fifteen (15) pages or include exhibits. Exhibits may be referenced by document and page number if already in the record before the Court. Any pages filed in excess of the 15-page limit may not be considered.** Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **July 16, 2026**

/s/ Barbara A. McAuliffe
UNITED STATES MAGISTRATE JUDGE